**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHENZHEN SIYINGHUI TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN LANHE TECHNOLOGIES CO., LTD.,<br><br>Defendant. | Civil Action No. __________<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 12,506,507** |

Plaintiff Shenzhen Siyinghui Technology Co., Ltd. ("Siyinghui" or "Plaintiff"), by its undersigned counsel, alleges as follows against Defendant Shenzhen Lanhe Technologies Co., Ltd. ("Lanhe" or "Defendant"):

## NATURE OF THE ACTION

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq., for a declaration that the electroplated iPhone cases with ring stands that Siyinghui sells in the United States do not infringe U.S. Patent No. 12,506,507 B1 (the "'507 Patent").

2. On November 10, 2026, Amazon removed 100 of Siyinghui's product listings after Lanhe reported to Amazon that the products infringe the '507 Patent. As of November 16, 2026, the listings had not been restored. Siyinghui intends to continue selling these products in the United States and seeks a determination of its right to do so.

## THE PARTIES

3. Siyinghui is a limited liability company organized under the laws of the People's Republic of China, Unified Social Credit Code 91440300MAK8CP7RXA, with its registered address at 3A-113, Phase II, South China International Leather and Leather Raw Material Logistics

Zone, No. 1 South China Avenue, Hehua Community, Pinghu Street, Longgang District, Shenzhen, Guangdong, China. Its legal representative is Liu Qun.

4. Upon information and belief, Lanhe is a company organized under the laws of the People's Republic of China with its principal place of business at C1215, Block C, Zhantao Technology Building, Intersection of Minzhi Avenue and Industrial East Road, Xinniu Community, Minzhi Street, Longhua District, Shenzhen, China. The '507 Patent identifies Lanhe as its applicant and assignee.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

6. An actual, substantial and continuing controversy exists between Siyinghui and Lanhe. Lanhe has asserted the '507 Patent against Siyinghui's products by reporting them to Amazon as infringing. Those reports caused Amazon to remove 100 of Siyinghui's listings. As of November 16, 2026, Lanhe had not withdrawn the reports, and Siyinghui intends to continue selling the same products.

7. This Court has personal jurisdiction over Lanhe under Fed. R. Civ. P. 4(k)(2). Siyinghui's claim arises under federal law. Lanhe is a Chinese company and, upon information and belief, is not subject to the jurisdiction of the courts of general jurisdiction of any State.

8. Siyinghui's claim arises out of Lanhe's own conduct directed at the United States. Lanhe applied for and obtained the '507 Patent from the United States Patent and Trademark Office, and the '507 Patent names Andrew C. Cheng as Lanhe's attorney, agent or firm. On or before November 10, 2026, Lanhe reported to Amazon that 100 listings through which Siyinghui offers the Accused Products to customers in the United States infringe the '507 Patent. Lanhe gave as its contact for those reports the email address of Edward H. Rice of Rice Technology Law Group, its counsel in the action described in paragraph 25. Amazon removed the listings from its

United States marketplace because of those reports. This action arises directly from that enforcement conduct.

9. Lanhe has also asserted U.S. Design Patent No. D1,030,730 through Amazon complaints against listings in the same Amazon storefront. Those complaints are the subject of the action described in paragraph 25.

10. Exercising jurisdiction over Lanhe is consistent with the United States Constitution and laws. Lanhe chose to obtain patent rights in the United States and to enforce them, through United States counsel, against sales to customers in the United States. It can reasonably expect to answer for that enforcement in a United States court.

11. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Lanhe is not resident in the United States and may be sued in any judicial district.

## FACTUAL BACKGROUND

### A. The ’507 Patent

12. The ’507 Patent, titled “Case for Electronic Device and Magnetic Assembly,” issued on December 23, 2025, from Application No. 19/001,426, filed December 25, 2024. A copy of the ’507 Patent is attached as Exhibit A.

13. The ’507 Patent states on its face that Application No. 19/001,426 is a continuation of Application No. 18/677,917, filed May 30, 2024, which is a continuation of Application No. 18/098,727, filed January 19, 2023, now U.S. Patent No. 12,040,827, which is a continuation of International Application No. PCT/CN2023/072207, filed January 13, 2023. The ’507 Patent claims priority to Chinese applications, the earliest filed March 11, 2022, and states that it is subject to a terminal disclaimer.

14. The ’507 Patent has 18 claims. Claims 1 and 12 are the only independent claims. Claims 2 through 11 depend from claim 1, and claims 13 through 18 depend from claim 12.

15. Claim 1 claims a case for an electronic device with a case shell and a magnetic assembly that includes a support member, a magnetic alignment member received in a receiving

portion of the support member, and a connecting member with a rotating element and a first connecting element fixedly connected with the case shell. Claim 1 further requires that:

> "the case shell comprises a first surface and a second surface opposite to the first surface; the first surface defines a first connecting groove for mounting the first connecting element, the second surface defines a receiving space configured for receiving the support member; and wherein the case shell further defines an opening passed through the first surface and the second surface, the first connecting element comprises a first portion and a second portion, the first portion is received in the first connecting groove, the second portion is connected to the first portion and received in the opening, the second portion is sleeved on the rotating element, and the receiving space, the second portion and the first portion are arranged sequentially in a longitudinal direction of the case shell."

16. Claim 12 claims a magnetic assembly with a connecting element, a ring-shaped support member having a mounting section and a connecting section, a magnetic alignment member mounted at the mounting section, and another connecting element that pivotably connects the ring-shaped support member to the connecting element via a shaft. Claim 12 further requires that:

> "the connecting section of the ring-shaped support member is sunken in a depth direction of the ring-shaped support member to form a mounting position, said another connecting element comprises a connecting portion which is stacked and fixed on the mounting position, and the connecting portion of said another connecting element is provided with at least two fixing holes, and the mounting position is provided with at least two positioning protrusions engaged in the at least two fixing holes respectively in the depth direction of the ring-shaped support member to thereby fixedly connect said another connecting element to the ring-shaped support member."

**B. Siyinghui and Its Products**

17. Siyinghui was established on March 10, 2026. Since May 27, 2026, Siyinghui has held the Amazon seller account with the storefront name "FenShu Trade" (Seller ID A1JXOKXBWM6SQJ), through which it sells phone cases to customers in the United States. Before May 27, 2026, that account was held by Zhijiang Fenshu Trading Co., Ltd.

18. The products at issue are electroplated iPhone cases with ring stands, in which the ring stand folds against the back of the case (the "Accused Products"). The Accused Products are

sold under the 100 Amazon Standard Identification Numbers ("ASINs") listed in Exhibit B. The Accused Products sold under all 100 ASINs have the same structure.

19. Photographs of an Accused Product, including photographs taken after the ring stand and its mounting plate were detached from the case, are attached as Exhibit D.

20. As shown in Exhibit D, the ring stand of the Accused Products is connected to the case through a hinge and a separate mounting plate. The hinge is fastened to a tab on the ring stand by rivets (Ex. D, Photos 9 and 12). The mounting plate is a flat piece with an adhesive layer on its underside (Ex. D, Photos 10 and 11), by which it is stuck to the outer surface of the back of the case (Ex. D, Photos 5 and 6). With the mounting plate removed, the back of the case shows only adhesive residue; there is no opening through the back of the case at that location (Ex. D, Photo 6). No part of the hinge or the mounting plate extends through the back of the case or into its inner surface.

**C. Lanhe's Amazon Complaints**

21. On November 10, 2026, Amazon removed 50 of Siyinghui's listings under Complaint ID 23166932871 and another 50 listings under Complaint ID 23167002411, and notified Siyinghui by two notices dated November 11, 2026. Each notice identified the infringement type as "Patent," the intellectual property asserted as "12,506,507," the rights owner as "LANHE" and the rights owner's email as ed@ricetechlaw.com. Copies of the notices, as delivered by email and as shown in Siyinghui's Seller Central account, and of the Seller Central page recording the removals, are attached as Exhibit C.

22. Amazon's notices state that the listings may be reactivated if Siyinghui provides a court order stating that it is allowed to sell the products, a letter of non-infringement from legal counsel, or a retraction submitted to Amazon directly by the rights owner.

23. As of November 16, 2026, Lanhe had not retracted its complaints. Siyinghui has not received any communication from Lanhe or its counsel about the '507 Patent other than through Amazon's notices.

24. As of November 16, 2026, the 100 listings had not been restored, and Siyinghui could not sell the Accused Products through them. Amazon's notices state that the violation record will remain on Siyinghui's Account Health page for up to 180 days. Siyinghui intends to continue selling the Accused Products in the United States once the listings are restored.

**D. Related Proceedings**

25. Lanhe is the defendant in Shenzhen Haorun E-commerce Co., Ltd. v. Shenzhen Lanhe Technologies Co., Ltd., No. 1:25-cv-10395-JGK (S.D.N.Y.), which seeks a declaration of non-infringement and invalidity of U.S. Design Patent No. D1,030,730. Three ASINs identified in that action (B0DJ2Y12CF, B0F7X4K1F4 and B0F7XBQSFR) are among the 100 ASINs listed in Exhibit B. Siyinghui is not a party to that action.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '507 PATENT**

26. Siyinghui repeats and incorporates the allegations of the preceding paragraphs.

27. An actual and justiciable controversy exists between Siyinghui and Lanhe as to whether the Accused Products infringe the '507 Patent.

28. The making, use, sale, offer for sale and importation of the Accused Products do not infringe, directly or indirectly, any claim of the '507 Patent, either literally or under the doctrine of equivalents.

29. Claim 1 requires a first connecting element, fixed to the case shell, with a first portion received in a first connecting groove defined in the first surface of the case shell and a second portion received in an opening passed through both surfaces of the case shell and sleeved on the rotating element, with the receiving space, the second portion and the first portion arranged sequentially along the length of the case shell. The Accused Products do not have this structure. The back of the case has no opening through it where the ring stand is attached, and the only part fixed to the case, the mounting plate, sits on the outer surface of the case and is held there by adhesive (paragraph 20; Ex. D, Photos 5, 6, 10 and 11). The Accused Products therefore do not

meet at least these limitations of claim 1: (a) "the case shell further defines an opening passed through the first surface and the second surface"; (b) "the first surface defines a first connecting groove for mounting the first connecting element"; (c) "the first portion is received in the first connecting groove, the second portion is connected to the first portion and received in the opening, the second portion is sleeved on the rotating element"; and (d) "the receiving space, the second portion and the first portion are arranged sequentially in a longitudinal direction of the case shell."

30. The Accused Products do not meet these limitations under the doctrine of equivalents. Claim 1 anchors the first connecting element by passing it through the case shell, from a groove in one surface through an opening to the other surface. The Accused Products attach a flat plate to the outside of the case with adhesive and pass nothing through the case. Treating that as equivalent would read the opening and groove limitations out of claim 1. Because claims 2 through 11 depend from claim 1, the Accused Products do not infringe them.

31. Claim 12 requires that the mounting position of the ring-shaped support member be "provided with at least two positioning protrusions engaged in the at least two fixing holes" of the other connecting element "to thereby fixedly connect" it to the ring-shaped support member. In the Accused Products the hinge is fastened to the ring stand by rivets (paragraph 20; Ex. D, Photos 9 and 12). A rivet is a separate fastener inserted through the parts it joins. It is not a positioning protrusion provided on the mounting position of the ring-shaped support member. The Accused Products therefore do not meet this limitation of claim 12, literally or under the doctrine of equivalents, and because claims 13 through 18 depend from claim 12, the Accused Products do not infringe them.

32. Siyinghui is entitled to a declaration that the Accused Products do not infringe any claim of the '507 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Siyinghui respectfully requests that the Court enter judgment in its favor and against Lanhe as follows:

A. Declaring that the Accused Products do not infringe, directly or indirectly, any claim of the ’507 Patent;

B. Enjoining Lanhe, its officers, agents, employees and attorneys, and all persons in active concert or participation with them, from asserting the ’507 Patent against the Accused Products, including through infringement reports to Amazon or any other online marketplace, and directing Lanhe to retract Amazon Complaint IDs 23166932871 and 23167002411;

C. Declaring this case exceptional under 35 U.S.C. § 285 and awarding Siyinghui its reasonable attorneys’ fees;

D. Awarding Siyinghui its costs; and

E. Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 18, 2026

Respectfully submitted,

/s/ Nitin Kaushik
Nitin Kaushik
Kaushik & Associates, PLLC
34 Willis Avenue
Mineola, NY 11501
Tel.: (908) 560-7265
nitin.kaushik@gmail.com
Counsel for Plaintiff
Shenzhen Siyinghui Technology Co., Ltd.

## INDEX OF EXHIBITS

| | |
|---|---|
| Exhibit A | U.S. Patent No. 12,506,507 B1 |
| Exhibit B | Schedule of the 100 removed ASINs (SKU, model and Amazon Complaint ID) |
| Exhibit C | Amazon notices for Complaint IDs 23166932871 and 23167002411, and Seller Central record of the removals |
| Exhibit D | Photographs of an Accused Product, assembled and with the ring stand and mounting plate detached |